LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-08843-BRO (GJSx)** | Date | November 17, 2015 |
|---|---|---|---|
| Title | **PROSIGHT SPECIALTY MANAGEMENT CO., INC. V. THE JOBS FILMS LLC, ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

A federal court must determine its own jurisdiction, even where there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332, which provides that a federal district court has jurisdiction over a civil action between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The United States Supreme Court has interpreted the diversity statute to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under § 1332(c), a corporation is a citizen of each state in which it is incorporated and in the state where is has its principal place of business. 28 U.S.C. § 1332(c). With regard to limited liability companies, the rules defining "citizenship" are different. A limited liability company is considered to be a citizen of *every* state of which its members are citizens. *See Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-08843-BRO (GJSx)** | Date | November 17, 2015 |
|---|---|---|---|
| Title | **PROSIGHT SPECIALTY MANAGEMENT CO., INC. V. THE JOBS FILMS LLC, ET AL.** | | |

In their Notice of Removal, Defendants Mark Hulme and The Jobs Film LLC ("Defendants") allege that there is complete diversity of citizenship between the parties.[1] (Removal ¶ 7–11.) Namely, Defendants claim that Plaintiff ProSight Specialty Management Co., Inc. ("Plaintiff") is incorporated in New York, and, although they do not expressly state as much, apparently claim that Plaintiff's principal place of business is in California. (Removal ¶ 8.) Defendants further allege that Defendant Hulme is a citizen of Texas. (Removal ¶ 9.) However, Defendants then state that Defendant The Jobs Film is a limited liability company with its "principal office . . . located in Dallas, Texas." (*Id.*) Defendants do not provide any information regarding the citizenship of the company's members, which is necessary to determine whether complete diversity in fact exists in this case. *See Johnson*, 437 F.3d at 899. Should any member of Defendant The Jobs Film LLC be a citizen of New York or California, complete diversity would be destroyed, and the Court would lack subject matter jurisdiction under 28 U.S.C. § 1332. Thus, without more information, it remains unclear whether the Court possesses jurisdiction pursuant to 28 U.S.C. § 1332.

The Court therefore **ORDERS** Defendant to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Defendant must respond by **Friday, November 20, 2015, at 4:00 p.m.** An appropriate response will provide a complete list of Defendant The Jobs Film LLC's members and their citizenships and clarify whether Plaintiff's principal place of business is in California.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |

---

[1] The Court notes that Defendants allege damages amounting to $300,193.06, thereby satisfying the amount in controversy requirement. (Removal ¶ 11.)